WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrance Ardell Phillips, | No. CV-17-08094-PCT-DLR (DKD) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE DOUGLAS L. RAYES, U.S. DISTRICT JUDGE:

Terrance Ardell Phillips filed a Petition for Writ of Habeas Corpus ("Petition") in May 2017, challenging his conviction in Coconino County Superior Court for one count of first degree murder for the death of Michael Minix, and his sentence of natural life. His Petition alleges ineffective assistance of counsel during the plea bargaining process and vindictive prosecution. Respondents argue that his Petition is untimely and that he is not entitled to equitable tolling. As detailed below, the Court recommends that Phillips' Petition be denied and dismissed with prejudice.

**BACKGROUND**

**A.  Guilty Plea**

In April 2005, the Coconino County Superior Court conducted a change of plea hearing where Phillips entered a plea of guilty to first degree murder. (Doc. 11, Exs. C, D)  During the hearing, the Court discussed all of the various rights Phillips was giving up and Phillips indicated he understood. (Doc. 11, Ex. GG at 5-6)  The Court also

explained that under the plea agreement, the Court would determine any aggravating and mitigating factors. (Doc. 11, Ex. GG at 6-9) The Court accepted the plea after finding that Phillips "knowingly, intelligently, and voluntarily entered a plea of guilty to the charge in the plea agreement," and that there was a sufficient factual basis. (Doc. 11, Ex. GG at 19)

Subsequently, the Court held a four day aggravation/mitigation hearing. (Doc. 11, Ex. F) Phillips, through counsel, called ten witnesses to testify and presented oral argument to the Court. Phillips also presented statements to the Court; the State called witnesses and presented oral argument as well. (Doc. 11, Exs. F, II) In November 2005, the Court found several aggravating and mitigating factors and sentenced Phillips to natural life. (Doc 11, Ex. G)

**B.   First Rule 32 Petition**

Phillips, through counsel, timely filed a Petition for Post-Conviction Relief ("First PCR") in September 2006, in Coconino County Superior Court. (Doc. 11, Ex. H) The First PCR raised three claims of ineffective assistance of counsel relating to his representation during the aggravation/mitigation hearing. Phillips argued that he received ineffective assistance of trial counsel because they failed to present evidence relating to his mental illness, expert testimony was presented telephonically not live in court, and they did not obtain a defense expert to rebut the State's crime scene reconstructionist. (Doc. 11, Exs. H, J) After review, the Superior Court summarily dismissed his First PCR after finding that Phillips had not met his burden under *Strickland v. Washington*, 466 U.S. 668 (1984), because he had "merely [stated] conclusions, assertions, or speculation which fails to present a sufficient issue of material fact to warrant an evidentiary hearing." (Doc. 11, Ex. J, at 1)

Phillips timely petitioned the Arizona Court of Appeals for review alleging that the Superior Court abused its discretion in denying his First PCR. (Doc. 11, Ex. K) At the conclusion of briefing, the Court of Appeals ordered that review be denied. (Doc. 11,

1 | Exs. L, M) Phillips' petition to the Arizona Supreme Court for review was denied in
2 | April 2008. (Doc. 11, Ex. N)

### C. Second Rule 32 Petition

The record indicates Phillips did not file anything between April 2008 and January 2014, when he filed a *pro se* Petition for Post-Conviction Relief ("Second PCR") in Coconino County Superior Court alleging that he had received ineffective assistance of counsel and that the State had lacked evidence to support his first degree murder conviction. (Doc. 11, Exs. P, JJ) In response, the State argued that Arizona Rules of Criminal Procedure 32.2(a) and (b) preclude Phillips from raising the claims in his Second PCR, because he had not raised the claims in his First PCR. (Doc. 11, Ex. R) Phillips' reply argued that the State's response was untimely and that the untimely response violated his constitutional right to Due Process. (Doc. 11, Ex. S) After thorough analysis, the Superior Court summarily denied his Second PCR after concluding that Phillips' Second PCR "failed to raise a colorable claim," and that his claims "failed to present a material issue of law which would entitle [him] to relief." (Doc. 11, Ex. T, at 1)

Phillips then petitioned the Arizona Court of Appeals for review alleging that the Superior Court abused its discretion in denying his Second PCR. (Doc. 11, Ex. U) The Court of Appeals granted review but denied relief. (Doc. 11, Ex. V) Philips filed a motion for reconsideration which the Court of Appeals denied. (Doc. 11, Ex. W) Phillips then petitioned the Arizona Supreme Court which denied review in May 2016. (Doc. 11, Ex. X)

### D. Habeas Petition

In May 2017, Phillips filed his Petition in this Court where he raises three claims of ineffective assistance of counsel and one claim of vindictive prosecution. (Doc. 1 at 6-9) In response, Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling, that several of the claims in his Petition are procedurally defaulted, and that his guilty plea effectively waived most of his claims. (Doc. 11) In

reply, Phillips argues that he can overcome the "procedural bar" of the one-year period of limitations for federal habeas petitions by showing ineffective assistance of trial counsel. He also argues that it would be a miscarriage of justice for this Court to not consider review of the claims in his Petition, that his Second PCR contained all of the claims in his Petition, and that returning to state court would be futile. (Doc. 14)

**E.     Analysis: Phillips' Petition is Untimely**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).

Phillips' conviction became final when he was sentenced by the Coconino County Superior Court in November 2005. The one year period under the statute would normally begin running the following day; however, before his conviction became final, Phillips filed a Notice of Post-Conviction Relief thereby tolling his period of limitations under Section 2244(d)(2). *Isley v. Ariz. Dept. of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice.") Phillips' tolling continued until the conclusion of his post-conviction proceedings in April 2008 when the Arizona Supreme Court denied review of his First PCR. *Hemmerle v. Schriro*, 495 F.3d 1069, 1077 (9th Cir. 2007) (collateral proceedings conclude when the Arizona Supreme Court denied petition for review). Phillips did not make any subsequent filings or have any proceedings after the Arizona Supreme Court denied review in April 2008. Accordingly, the one year statutory limitation imposed on federal habeas petitions began to run in April 2008, and Phillips was required to file his habeas petition in this Court by April 2009. He did not and so the one year period expired. Once expired, it could not be revived by

subsequent filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Therefore, Phillips' Petition is untimely unless he can show that he is entitled to equitable tolling. To be entitled to such relief, Phillips must show: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In his reply, Phillips does not explain why he actively litigated his case until April 2008 and then did not file anything for almost six years. (Doc. 11, Exs. H, K, P, U) Instead, Phillips relies on *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650 (3rd Cir. 2011), *Jackson v. Shanks*, 143 F.3d 1313 (10th Cir. 1998), and *Murray v. Carrier*, 477 U.S. 478 (1986), to argue that he should be excused from the "time bar procedural default" due to ineffective assistance of counsel. Phillips does not explain, and the Court cannot understand, how these cases demonstrate that Phillips is entitled to equitable tolling.

Finally, Phillips argues that his trial counsel was ineffective and, as a result, this requires "petitioner to be excused from the time bar procedural default." (Doc. 14 at 11:12-13) However, this is not an extraordinary circumstance that would entitle Phillips to equitable tolling.

**F.     Pending Motions**

Phillips moved for an extension of time to file his reply. The Court will grant that such that his reply will be considered timely. (Doc. 12)

Phillips also moved for additional documents and transcripts but does not explain how these trial documents would assist his claim and the Court cannot see how any of them would demonstrate his entitlement to equitable tolling. (Doc. 13) Accordingly, Phillips' request will be denied.

**IT IS THEREFORE ORDERED** granting Phillips' Motion for Extension of Time to File Reply. (Doc. 12)

**IT IS FURTHER ORDERED** denying Phillips' Motion for Documents and Transcripts. (Doc. 13)

**IT IS THEREFORE RECOMMENDED** that Terrance Ardell Phillips' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 2nd day of May, 2018.

_____
David K. Duncan
United States Magistrate Judge