IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terrance Ardell Phillips,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Respondents. | No. CV-17-08094-PHX-DLR-(DKD)<br><br>**ORDER**<br>**and**<br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge David K. Duncan (Doc. 15) regarding petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Amended Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 15 at 6 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72).) Petitioner filed an objection to the R&R on May 21, 2018. (Doc. 16).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the Report and Recommendation to which specific objections are made).

The Magistrate Judge found that Phillip's Petition was untimely filed. The one year statutory limitation imposed on federal habeas petitions in Phillip's case began to

run in April 2008, and Phillips was required to file his habeas petition in this Court by April 2009. Instead his petition was filed in May 2017, more than eight years past the one year statutory limitation.

Phillips argues in his objection that the Court should disregard the findings and recommendations of the R&R because he is entitled to equitable tolling citing *Solomon v. United States*, 467 F. 3d 928 (6th Cir. 2006). To be entitled to such relief he must show both that he has been pursuing his rights diligently and the some extraordinary circumstances stood in his way. *Holland v. Florida*, 560 U.S. 631, 649 (2010). He has shown neither. Phillips did not explain in his petition or his reply why he actively litigated his case until April 2008 and then did not file anything for almost six years. Instead he raised the claim for equitable tolling for the first time in his objection to the R&R.

The Court will not consider an argument raised for the first time in an objection to an R&R. However, even if the Court were to consider his equitable tolling argument, the Court finds that assuming the confinement in a maximum security prison creates an extraordinary circumstance, as Phillips argues; he has not shown that he has been pursuing his rights diligently. Unlike in the Petitioner in *Solomon*, who was understandably ignorant of the one year limitations period which became law after his conviction Phillips has no basis to claim, nor has he claimed, that he was ignorant of the one year limitations period. Unlike the Petitioner in *Solomon*, who filed a "Motion of Notification of Intent to File 28 U.S.C. § 2255 Habeas Corpus" after making calls to the clerk of the court to seek to inform the court of his limited access to legal materials and to determine how to avoid missing the deadline, Phillips did nothing until he filed his Petition. Although he had access to a paralegal in maximum security he did not seek such assistance, he did he seek to inform the Court of his alleged circumstance, he did not seek assistance from the Court and he did not file a notice of an intent to file a habeas

- 2 -

petition. Phillips took no action to advance his rights after the Arizona Supreme Court denied his petition for review in 2008 until he filed his second petition for post-conviction relief in 2014. Despite his alleged lack of access to the resources necessary to pursue his rights, he was able to request transcripts in March 2012, a year before he claims he was released from maximum security.

The Magistrate Judge correctly found that Phillips is not entitled to equitable tolling. The arguments Phillips raised for the first time in his objection, are untimely and do not establish the facts necessary to warrant equitable tolling.

The Court accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS ORDERED** that R&R of the Magistrate Judge (Doc.15) is accepted.

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice. The Clerk shall terminate this action.

//
//
//

Having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the Petition is justified by a plain procedural bar.

Dated this 22nd day of June, 2018.

_____
Douglas L. Rayes
United States District Judge